967 F.2d 585
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marjorie COKLEY, Plaintiff-Appellant,
v.
UNITED STATES ARMY, Defendant-Appellee.
 No. 91-16173.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1992.*
Decided July 10, 1992.
 
 Before POOLE, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marjorie Cokley appeals pro se the district court's summary judgment in favor of the United States in her federal tort action against the United States Army. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and affirm.
 
 
 3
 Cokley suffered injuries resulting from complications following surgery performed at the Fort Jackson Army Hospital in August 1979. In December 1988, Cokley completed a claim for these injuries and filed the claim with the federal government. In June 1990, she filed a pro se complaint against the United States Army for these injuries. The district court granted summary judgment for the United States, finding Cokley's action barred by the statute of limitations governing tort claims against the United States. See 28 U.S.C. § 2401(b).[1] On appeal, Cokley contends her action was timely because she was not informed until 1987 that the Army medical staff had been negligent.
 
 
 4
 The Federal Torts Claims Act, 28 U.S.C. §§ 2671 et seq. (the "FTCA"), authorizes suits against the United States for money damages for personal injury resulting from the negligent or wrongful acts or omissions of United States employees acting within the scope of employment. The FTCA is a limited waiver of sovereign immunity. See 28 U.S.C. §§ 2401, 2674. To bring an action under the FTCA, a claimant must first file a written claim for money damages with the federal agency employing the negligent employee. 28 U.S.C. § 2675. Furthermore, a tort claim against the United States is "forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b).
 
 
 5
 In an action for medical malpractice under the FTCA, "a claim accrues when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its cause." Landreth ex rel. Or. v. United States, 850 F.2d 532, 533 (9th Cir.1988), cert. denied, 488 U.S. 1042 (1989). The plaintiff need not be aware that "an actionable claim exists as long as she is aware of the injury and its probable cause." Id. (citing United States v. Kubrick, 444 U.S. 111, 123-24 (1979)). When an injury is obvious, the statute of limitations begins to run immediately upon discovery of the cause. Augustine v. United States, 704 F.2d 1074, 1078 (9th Cir.1983).
 
 
 6
 This court views the evidence in the light most favorable to Cokley and determines whether the district court applied the relevant substantive law. Ashton v. Cory, 780 F.2d 816, 818 (9th Cir.1986). The date Cokley discovered the existence and cause of her injuries is a question of fact, which is reviewed under the clearly erroneous standard. Landreth, 850 F.2d at 534. "The date [Cokley] should have discovered the existence and cause of [her] injuries in the exercise of reasonable diligence is a mixed question of fact and law and is also reviewed under the clearly erroneous standard." Id.
 
 
 7
 Here, Fort Jackson Army Hospital medical staff performed surgery to remove a cyst from Cokley's left ear in August 1979. Although before the operation the cyst "did not present much of a problem" to Cokley, within a day after the operation, Cokley began to have problems with her ear in the area where the operation had been performed. Within two days after the operation, Cokley's left ear had swollen closed. Because of complications from the surgery, Cokley returned to Fort Jackson Army Hospital several times during August and September 1979. Based on these facts, the district court correctly found that Cokley was aware of the injury and its cause more than two years before she filed her December 1988 claim. See 28 U.S.C. § 2401(b); Landreth, 850 F.2d at 534.
 
 
 8
 Cokley's complaint alleges that Lt. Colonel Harold W. Kent did not inform her until November 1987 that the Fort Jackson Army Hospital medical staff was negligent in performing minor surgery rather than major surgery on her ear in 1979. Nevertheless, Kent's information did not affect the accrual of Cokley's action, whose two-year statute of limitations had begun to run by September 1979. See Kubrick, 444 U.S. at 123-24 (claim accrues when the injury manifests itself, not when the plaintiff becomes aware the injury was negligently inflicted); Raddatz v. United States, 750 F.2d 791, 795-96 (9th Cir.1984). Therefore, the district court properly granted summary judgment on the ground that Cokley's action was time-barred. See Kubrick, 444 U.S. at 123-25; Raddatz, 750 F.2d at 796.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Cokley's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court also granted summary judgment pursuant to Arizona District Court Local Rule 11(i). Rule 11(i) states that "if the opposing party does not serve and file the required answering memorandum, ... such non-compliance may be deemed a consent to the ... granting of the motion and the Court may dispose of the motion summarily." Cokley failed to reply to the motion for summary judgment. Thus, the district court properly granted summary judgment. See Jacobsen v. Filler, 790 F.2d 1362, 1366-67 (9th Cir.1986) (district court properly granted summary judgment pursuant to Arizona Local Rule 11(h) [now Rule 11(i) ] where pro se plaintiff failed to reply to summary judgment motion)